UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-134(DSD)
Civil No. 14-4426(DSD)

United States of America,

       Plaintiff,

v.                                          **ORDER**

Michael Romeo Geraci,

       Defendant.

    Surya Saxena, Assistant U.S. Attorney, 200 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Michael Romeo Geraci, No. 16492-041, United States Penitentiary, P.O. Box 3900, Adelanto, CA 92301, pro se.

This matter is before the court upon the pro se motion by defendant Michael Romeo Geraci to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

In May 2012, a Grand Jury indicted Geraci with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count 2). The charges

arose from an April 10, 2012, incident, in which Geraci met with a cooperating individual working with the St. Paul Police Department to barter a sawed-off shotgun in exchange for methamphetamine.

On September 6, 2012, Geraci pleaded guilty to Count 2. ECF No. 45. At sentencing, the court - consistent with the presentence investigation report - concluded that Geraci was a career offender based on two previous state court convictions for crimes of violence.[1] This determination was not contemplated by the parties in the plea agreement. The court adopted a base offense level of 27, but reduced Geraci's criminal history category from VI to V, finding that his career-offender status over-represented his criminal history. The court concluded that Geraci's guideline range was 120-150 months' imprisonment, and that the offense carries a 120-month statutory maximum. The court sentenced Geraci to 120 months' imprisonment.

Geraci appealed his sentence, arguing that the court did not adequately consider the mitigating factors set forth in 18 U.S.C. § 3553(a). Geraci specifically argued that his acceptance of responsibility, overstated criminal history, history of substance abuse, mental illness, and the nature and circumstances of the offense should have counseled in favor of a lower sentence. The

---

[1] One conviction was for fleeing police in a motor vehicle and the other for second-degree assault.

Eighth Circuit affirmed, concluding that the court did not abuse its discretion in sentencing Geraci.  On October 12, 2014, Geraci filed a motion to vacate under § 2255.

## DISCUSSION

### I. Standard

Section 2255 provides a person in federal custody with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court.  28 U.S.C. § 2255.  Such collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  "A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files, and record of the case conclusively show that the prisoner is not entitled to relief."  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).  "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).

**II.  Ineffective Assistance of Counsel**

To prevail on a § 2255 motion based on ineffective assistance of counsel, Geraci must meet both prongs of the test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, Geraci must show that his counsel's performance was so deficient that it was objectively unreasonable.  <u>Id.</u> at 687-88.  Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference and with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Id.</u> at 689.  Second, Geraci must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Id.</u> at 694.  In the context of a guilty plea, this means that but for counsel's errors, the defendant "would not have pleaded guilty and would have insisted on going to trial."  Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994) (quoting Hill v. Lockhart, 474 U.S. 52, 57-59 (1985)).  Geraci argues that his counsel was ineffective in failing to request a competency hearing and by providing inappropriate guidance with respect to his plea.

4

**A.    Failure to Request a Competency Hearing**

Geraci first argues that his counsel should have requested a psychiatric opinion to determine if he could actively participate in his defense. "The failure of trial counsel to request a competency hearing where there was evidence raising a substantial doubt about a petitioner's competence to stand trial may constitute ineffective assistance of counsel." Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996) (quoting Speedy v. Wyrick, 702 F.2d 723, 726 (8th Cir. 1983)). "Counsel's failure to request a competency hearing [is] objectively unreasonable if evidence raised substantial doubt about [the defendant's] mental competence." Ford v. Bowersox, 256 F.3d 783, 786 (8th Cir. 2001) (citing Drope v. Missouri, 420 U.S. 162, 181 (1975)). Any inquiry into the defendant's mental competence must focus on whether the defendant "has the ability to understand the proceedings." Id. (quoting Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993)) (emphasis in original). A defendant is incompetent if he lacked "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] a rational as well as factual understanding of the proceedings against him.'" Id. (quoting Cooper v. Oklahoma, 517 U.S. 348, 354 (1996)). "Although no 'fixed or immutable' signs create sufficient doubt about competence,

pretrial behavior, demeanor during trial, and previous medical opinions regarding competency are relevant considerations." Id. (quoting Drope, 420 U.S. at 180).

Geraci makes no specific assertions of particular conduct or statements that his counsel or the court witnessed that would cast any doubt on his mental competence. Instead, Geraci argues that his history of mental illness, as reflected in the presentence report, as well as a recent head injury, should have caused his counsel to seek a "psychiatric opinion or guidance." ECF No. 68, at 4. Nothing in the record created any doubt as to Geraci's ability to understand the proceedings. To the contrary, the record reflects Geraci's unencumbered ability to understand and participate in the proceedings. Geraci freely admitted to the offense, represented that he was entering his plea willingly and voluntarily, and acknowledged that he understood each right he was forfeiting by pleading guilty. See ECF No. 60, at 3-22; see also Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (holding that a "strong presumption of verity" attaches to in-court statements of defendant in response to questions designed to ascertain the knowing and voluntary nature of a guilty plea). Moreover, during sentencing, Geraci clearly and candidly expressing remorse for his actions. ECF No. 61, at 7-8. Because Geraci's claims are contradicted by the record, no substantial doubt exists as to his mental competence at the time of his guilty plea. As a

6

result, defense counsel's decision not to request a competency hearing was not objectively unreasonable and presents no basis for a claim of ineffective assistance of counsel.

### B. Pleading Guidance

Geraci also argues that his attorney improperly advised him to plead guilty to Count 2 instead of Count 1 by stating that there was "no difference" between the two.  Geraci argues that this advice caused him to plead guilty to a violent, rather than a non-violent, felony.  Geraci is mistaken.  Possession of a sawed-off shotgun, as charged in Count 1, is a crime of violence.  United States v. Clark, 563 F.3d 771, 773 (8th Cir. 2009).  As a result, Geraci's claim of ineffective assistance of counsel on this point is also without merit.

### III. Career Offender Designation

Geraci next argues the court incorrectly applied the career offender statute because his 2007 state conviction for fleeing a police officer in a motor vehicle is a non-violent crime and therefore is not a predicate offense for purposes of career-offender status.  This argument lacks merit, because it is well established that fleeing police in a motor vehicle is a crime of violence.  See Sykes v. United States, 131 S. Ct. 2267, 2277 (2011); United States v. Pate, 754 F.3d 550, 555-56 (8th Cir. 2014).

Geraci also complains that he was not advised of the consequences of pleading guilty to the 2007 charge of fleeing a police officer. Geraci argues that had he known he could be considered a career criminal by pleading to that crime, he would not have done so. However, a defendant has no right to collaterally attack the validity of prior state convictions used to enhance his sentence. <u>Custis v. United States</u>, 511 U.S. 485, 487 (1994). The only exception is a deprivation of the right to appointed counsel, which is not raised here. <u>Id.</u> at 498. As a result, any challenge to Geraci's 2007 conviction should have been raised at the time of that conviction and affords him no basis for relief in this motion.

**IV. Overstated Criminal History**

Geraci argues that his criminal history category over-represented the seriousness of his criminal past and his propensity to re-offend. Geraci raised this issue on appeal and is foreclosed from doing so again here. <u>Bear Stops v. United States</u>, 339 F.3d 777, 780 (8th Cir. 2003) (quoting <u>United States v. Shabazz</u>, 657 F.2d 189, 190 (8th Cir. 1981) (holding that "claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255"). As a result, Geraci's claim is procedurally barred.

8

**V.  Insufficient Weight Given to Mitigating Factors**

Geraci next argues that the court failed to give sufficient weight to the mitigating factors under § 3553(a).  As previously stated, however, claims "raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Bear Stops, 339 F.3d at 780.  The Eighth Circuit specifically rejected Geraci's claim that the court did not give sufficient weight to his mitigating circumstances.  As a result, Geraci's claim is procedurally barred.

**VI.  Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  As discussed, the court is firmly convinced that Geraci's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments.  A certificate of appealability is not warranted.

**VII. Application to Proceed In Forma Pauperis (IFP)**

With regard to Geraci's IFP application, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without

9

prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). No fee is required, however, to file a § 2255 petition. United States v. Benson, No. 13-1935, 2014 WL 1478438, at *1 n.1 (D. Minn. Apr. 16, 2014). As a result, Geraci's application is denied as moot.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence are denied [ECF No. 68];

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability; and

3. The application to proceed in forma pauperis [ECF No. 69] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 21, 2015

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court